COURT OF APPEALS
DECISION
DATED AND FILED

April 8, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2103**

Cir. Ct. No. **2020CV5706**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

SHERLETI FREEMAN,

PLAINTIFF-RESPONDENT,

V.

SL GREENFIELD, LLC AND SENIOR LIFESTYLE CORPORATION,

DEFENDANTS-APPELLANTS.

---

APPEAL from an order of the circuit court for Milwaukee County: J.D. WATTS, Judge. *Affirmed.*

Before White, C.J., Geenen and Colón, JJ.

¶1 GEENEN, J. Sherleti Freeman, a former senior care employee of SL Greenfield, LLC and Senior Lifestyle Corporation (collectively, "SL Greenfield" or "Defendants"), alleges on behalf of herself and all other similarly situated senior care employees that SL Greenfield engaged in systemic violations

of Wisconsin's wage payment and collection laws.[1]  This case has been to the court of appeals once before.  *Freeman v. SL Greenfield, LLC*, No. 2021AP1262, unpublished slip op. (WI App July 11, 2023).  In that appeal, we vacated the circuit court's order granting Freeman's class certification motion because it was insufficiently detailed under WIS. STAT. § 803.08(11)(a).  We remanded the matter, and the remand court reinstated the circuit court's order in a thirteen-page written decision.[2]

¶2      SL Greenfield now appeals the remand court's order granting Freeman's class certification motion.  We affirm.

## BACKGROUND

¶3      On September 28, 2020, Freeman filed a complaint on behalf of herself and all other similarly situated senior care employees alleging that SL Greenfield engaged in systemic violations of Wisconsin's wage payment and collection laws at several independent living and assisted living facilities throughout Wisconsin.   Specifically, Freeman alleges that SL Greenfield unlawfully failed to pay certain senior care workers for meal periods lasting fewer than thirty minutes, resulting in the denial of compensation and overtime pay.

---

[1] *See* WIS. STAT. §§ 103.001 et seq.,  104.01 et seq., 109.01 et seq. (2023-24); WIS. ADMIN. CODE §§ DWD 272.001, 274.01 (2023-24).  All references to the Wisconsin Statutes and Administrative Code are to the 2023-24 versions unless otherwise noted.

[2] The Honorable Christopher R. Foley issued the first order granting Freeman's class certification motion.  That order was vacated on appeal.  *Freeman v. SL Greenfield, LLC*, No. 2021AP1262, unpublished slip op. ¶¶1, 31 (WI App July 11, 2023).  We refer to Judge Foley as the circuit court.  On remand, the Honorable J.D. Watts issued a thirteen-page written decision granting Freeman's class certification motion.  We refer to Judge Watts as the remand court.

¶4     Freeman served the original summons and complaint, and later an amended summons, on SL Greenfield. SL Greenfield did not respond to Freeman's lawsuit. Eventually, Freeman moved for class certification which included two affidavits and numerous exhibits. SL Greenfield did not respond to the motion, but an attorney representing SL Greenfield filed a notice of appearance shortly before the class certification motion hearing and then appeared at that hearing. The circuit court rejected SL Greenfield's request for more time to investigate the lawsuit and granted Freeman's motion as unopposed, defining the class as follows: "All current and former hourly-paid, non-exempt employees employed by Defendants in the State of Wisconsin from September 28, 2018 through to the date that Notice of the class is given[.]"

¶5     SL Greenfield believed that the class certification order did not comply with WIS. STAT. § 803.08(11)(a), requiring circuit courts in class actions to set forth in writing "all reasons why the action may be maintained" and describing "all evidence in support" of the determination." The circuit court supplemented its reasoning in a letter memorandum, but SL Greenfield eventually appealed the class certification order to this court on the basis that it lacked sufficient detail.

¶6     We agreed with SL Greenfield. We vacated the circuit court's order because the circuit court's written decision was insufficiently detailed to satisfy the plain language of WIS. STAT. § 803.08(11)(a). We remanded the matter for further proceedings consistent with our opinion.

¶7     On October 24, 2023, the remand court reinstated the circuit court's order granting Freeman's class certification motion and issued a thirteen-page

written order. The order set forth the remand court's reasons for granting the motion and described the evidence in support of that decision.

¶8 SL Greenfield appeals the remand court's October 24, 2023 order granting Freeman's class certification motion. Additional factual details will be discussed as they become relevant.

## DISCUSSION

¶9 SL Greenfield makes two substantive challenges to the order. First, SL Greenfield argues that the remand court erroneously exercised its discretion when it granted Freeman's motion because two statutory prerequisites to class certification were not met, namely, "commonality" and "predominance." Second, SL Greenfield argues that approximately 1,500 members of the proposed class signed class action waivers and should be excluded from any class certified in this litigation. We discuss each argument in turn.

## I. The remand court did not erroneously exercise its discretion when it granted Freeman's class certification motion.

¶10 SL Greenfield argues that Freeman's motion for class certification was insufficient in two respects.[3] First, SL Greenfield says that the "commonality" requirement was not met because determining whether a violation occurred requires analyzing several issues that have individual, fact-specific

---

[3] Freeman argues both that SL Greenfield lacks standing and waived its right to appeal the remand court's certification order. We reject Freeman's arguments. Standing and waiver are not jurisdictional and are, instead, matters of judicial policy. *Sussex Tool & Supply, Inc. v. Mainline Sewer & Water, Inc.*, 231 Wis. 2d 404, 409 n.2, 605 N.W.2d 620 (Ct. App. 1999) ("[B]oth standing ... and waiver are rules of judicial policy rather than jurisdictional prerequisites."). Even if it were permissible for us to dismiss SL Greenfield's appeal on the basis of standing or waiver, we instead choose to address the merits of SL Greenfield's arguments.

answers that are not common across all class members. Second, SL Greenfield argues that because there are no common issues, they cannot "predominate" over the issues affecting individual members.

¶11 "A [circuit] court's decision whether to certify a class under [WIS. STAT.] RULE 803.08 is vested in its reasoned discretion." *Hermanson v. Wal Mart Stores, Inc.*, 2006 WI App 36, ¶3, 290 Wis. 2d 225, 711 N.W.2d 694. "We will uphold a [circuit] court's determination if it examines the relevant facts, applies a proper legal standard and, in a rational process, reaches a conclusion that a reasonable judge could reach." *Cruz v. All Saints Healthcare Sys., Inc.*, 2001 WI App 67, ¶11, 242 Wis. 2d 432, 625 N.W.2d 344.

¶12 We begin with the language of the statute. *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. Before an action may be certified as a class action, the party seeking certification must first establish a number of statutory prerequisites, including that "[t]here are questions of law or fact common to the class" and that these common questions "predominate over any questions affecting only individual members[.]" WIS. STAT. §§ 803.08(1)(b), (2)(c); *Hammetter v. Verisma Sys., Inc.*, 2021 WI App 53, ¶¶7-8, 399 Wis. 2d 211, 963 N.W.2d 874.

¶13 In *Wal-Mart Stores, Inc. v. Dukes*, the Supreme Court clarified the commonality requirement, stating that "'[w]hat matters to class certification ... is not the raising of common 'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution

of the litigation.'"[4]    *Id.*, 564 U.S. 338, 350 (2011) (citation omitted). "Commonality" requires a plaintiff to demonstrate that the proposed class's claims "depend upon a common contention" that is "of such a nature that it is capable of class[-]wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

¶14    On the issue of predominance, we have explained that "[t]he guiding principle behind predominance is whether the proposed class's claims arise from a common nucleus of operative facts and issues." *Hammetter*, 399 Wis. 2d 211, ¶23 (quoting *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1029 (7th Cir. 2018)). Predominance "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Brayman v. KeyPoint Gov't Sols., Inc.*, 83 F.4th 823, 837-38 (10th Cir. 2023) (citation omitted).

¶15    SL Greenfield argues that commonality is lacking in this case because determining whether a violation occurred requires analyzing:

> (1) whether individuals voluntarily clocked in to work even though they had a full 30 minute meal break provided by Defendants; (2) whether individuals actually performed any duties that would qualify as compensable work; and (3) whether Defendants had actual or constructive

---

[4] When analyzing Wisconsin statutes governing class action lawsuits, we are permitted to look at federal cases because WIS. STAT. § 803.08 was revised and adopted "with the express purpose of harmonizing Wisconsin's class action statute with the federal class action statute and federal case law." *Harwood v. Wheaton Franciscan Servs., Inc.*, 2019 WI App 53, ¶2, 388 Wis. 2d 546, 933 N.W.2d 654; *see also* *Luckett v. Bodner*, 2009 WI 68, ¶29, 318 Wis. 2d 423, 769 N.W.2d 504 (explaining that when a state rule mirrors a federal rule, state courts may "'consider federal cases interpreting the rule to be persuasive authority'" (citation omitted)).

knowledge that individuals were working during their meal breaks.

Similarly, SL Greenfield says that common issues cannot predominate over non-common issues because "individualized proof will be necessary as to the occurrence and nature of each employee's alleged 'on-duty' meal periods."

¶16   We disagree with SL Greenfield and conclude that the remand court did not erroneously exercise its discretion when it granted Freeman's class certification motion. The remand court's order, supported by the record, shows both that "[t]here are questions of law or fact common to the class" and that these common questions "predominate over any questions affecting only individual members[.]" WIS. STAT. §§ 803.08(1)(b), (2)(c).

¶17   Like the remand court, we examine the relevant facts. The record, unopposed by SL Greenfield, demonstrates that all senior care employees at SL Greenfield's Wisconsin locations, including Freeman, were subject to SL Greenfield's uniform timekeeping policies and practices. Specifically, all non-exempt, hourly employees were required to record their hours of work at the beginning and ending of the work day and at meal times. In order to do so, employees clocked in and out of an ADP workstation that maintains a transaction history as to each senior care employee, including at meal times. SL Greenfield's expectation was that once a senior care employee clocked in using the ADP system, the employee immediately began performing compensable work. Likewise, SL Greenfield's expectation was that once a senior care employee clocked out using the ADP system, the employee immediately ceased performing compensable work.

¶18    ADP automatically calculates the duration of compensable work between actual clock-in and clock-out times, but SL Greenfield rounded these exact times to the nearest quarter hour under its "seven-minute rule" for compensation purposes.  For example, on January 28, 2020, Freeman clocked in at 6:31 a.m. and clocked out at 2:44 p.m.  At 11:12 a.m., Freeman clocked out for her meal period, and at 11:40 a.m., Freeman clocked back in to work.  However, SL Greenfield rounded Freeman's actual work time to 6:30 a.m. and 2:45 p.m. and 11:15 a.m. and 11:45 a.m., respectively, for a total of 7.75 work hours after deducting 0.50 hours from Freeman's workday to account for the rounded-off, thirty-minute meal period.  Put another way, the allegation is that SL Greenfield's rounding system may record a meal break lasting fewer than thirty minutes as having lasted a full thirty minutes.

¶19    The remand court concluded that the commonality requirement was satisfied because all senior care employees in Wisconsin, including Freeman, used the ADP system to record their work time and were subject both to SL Greenfield's "seven-minute" rounding rule and its expectation that employees immediately began compensable work upon clocking in.  Citing WIS. ADMIN. CODE § DWD 272.12(2)(c), the remand court concluded that "only bona fide meal periods that are duty free and last at least thirty consecutive minutes in duration are non-compensable."  That rule sets forth the definition of a "rest period" and a "bona fide meal period" as follows:

> 1. Rest.  Rest periods of short duration, running less than 30 minutes are common in industry.  They promote the efficiency of the employee and are customarily paid for as working time.  They must be counted as hours worked.  Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

> 2. Meal. Bona fide meal periods of 30 minutes or more are not work time. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. The employee is not relieved if they are required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at their desk or a factory worker who is required to be at their machine is working while eating.

WIS. ADMIN. CODE § DWD 272.12(2)(c). The common question, then, is as follows: Is a break taken by a class member lasting fewer than thirty consecutive minutes a "rest period," in which case SL Greenfield owes compensation, or a "bona fide meal period," in which case SL Greenfield does not owe compensation? The answer to this common question is "'apt to drive the resolution of the litigation.'" *Dukes*, 564 U.S. at 350 (citation omitted).

¶20 SL Greenfield's arguments to the contrary are unpersuasive and based primarily on non-binding authority. SL Greenfield argues that WIS. ADMIN. CODE § DWD 274.02(3) defeats commonality because an "on-duty meal period" is defined as "a meal period where the employer does not provide at least 30 minutes free from work." In other words, SL Greenfield says, "the compensability of a meal period depends on the amount of time that the employer *provides*, not on the amount of time that the employee chooses to *take*[,]" and "[w]hether meal periods shorter than 30 minutes are compensable depends, then, on whether: (1) the employer *required* the employee to resume work sooner than 30 minutes; or (2) the employee *voluntarily* returned to work before the allotted 30-minute meal period was over."

¶21 However, as Freeman points out, SL Greenfield focuses on the wrong administrative rule and, therefore, the wrong type of meal period at issue in

this case. Put another way, the claim *is not* that Freeman should be compensated for "on-duty meal periods" under WIS. ADMIN. CODE § DWD 274.02(3), but rather, that SL Greenfield violated WIS. ADMIN. CODE § DWD 272.12(2)(c) by failing to pay employees for periods of time that Freeman contends *are not* bona fide meal periods under § DWD 272.12(2)(c)2., and are instead compensable rest periods under § DWD 272.12(2)(c)1.[5] Indeed, the plain language of § DWD 272.12(2)(c) set forth above creates a bright-line rule: a break running fewer than thirty consecutive minutes in duration cannot, by definition, be a bona fide meal period.

¶22 An "on-duty meal period" under WIS. ADMIN. CODE § DWD 274.02(3), on the other hand, provides:

> The employer shall pay all employees for on-duty meal periods, which are to be counted as work time. An on-duty meal period is a meal period where the employer does not provide at least 30 minutes free from work. Any meal period where the employee is not free to leave the premises of the employer will also be considered an on-duty meal period.

SL Greenfield erroneously concludes that because a compensable "on-duty meal period" is one where an employer "does not provide at least 30 minutes free from work," then a non-compensable "off-duty meal period" is one where an employer "provides at least 30 minutes free from work," but that is not what § DWD 274.02(3) says, and it flatly ignores that the definition of a "bona fide meal period"

---

[5] Of course, employers are not powerless in a situation where an employee regularly cuts short an employer-provided, thirty-minute, duty-free meal period in order to receive compensation for that time as a rest period. The employer's recourse in such a situation is to discipline or terminate the employee, not to withhold compensation. *See Secretary, U.S. Dep't of Labor v. East Penn Mfg. Co.*, 123 F.4th 643, 649 (3d Cir. 2024).

10

under WIS. ADMIN. CODE § DWD 272.12(2)(c)2. lacks the "does not provide" language at the crux of SL Greenfield's argument.

¶23 Moreover, SL Greenfield's argument self-destructs under its own premises. If it were true that what mattered in this litigation is the length of time routinely and uniformly provided by SL Greenfield for meal periods, the answer to that common question (i.e., did SL Greenfield *actually provide* employees at least thirty minutes free from work, a claim that lacks evidentiary support on this record) could completely defeat liability for the class. That is exactly the kind of common question with a common answer that is appropriate for resolution as a class action. *See Dukes*, 564 U.S. at 350.

¶24 SL Greenfield additionally posits three questions that it says are individual questions defeating commonality:

> (1) whether individuals voluntarily clocked in to work even though they had a full 30 minute meal break provided by Defendants; (2) whether individuals actually performed any duties that would qualify as compensable work; and (3) whether Defendants had actual or constructive knowledge that individuals were working during their meal breaks.

¶25 SL Greenfield ignores that, on this record, these questions have common answers that are apt to drive resolution of the litigation. *See id.* The record supports the remand court's finding that: (1) SL Greenfield is aware, through ADP records, of the exact clock-in and clock-out times for its employees; (2) SL Greenfield's "seven minute rule" could result in meal periods lasting fewer than thirty minutes being recorded as lasting a full thirty minutes for compensation purposes; and (3) SL Greenfield's expectation is that an employee immediately begins compensable work upon clocking in. Likely a result of not having opposed

Freeman's certification motion, there is no evidence to counter these findings, and if proven, the result would be liability on a class-wide basis.

¶26    SL Greenfield cites several non-binding authorities to support its view that "the compensability of a meal period depends on the amount of time that the employer *provides*, not on the amount of time that the employee chooses to *take*." Whether to certify a class is within the sound discretion of the circuit court, and by citing these non-binding authorities, SL Greenfield appears to argue that the remand court did not apply the proper legal standard. *State v. Davis*, 2001 WI 136, ¶28, 248 Wis. 2d 986, 637 N.W.2d 62 ("An erroneous exercise of discretion results when the exercise of discretion is based on an error of law."). We are not persuaded that a circuit court's failure to follow, analyze, or even consider non-binding authority can constitute an error of law, and SL Greenfield cites no authority to the contrary.

¶27    We are satisfied that the remand court, adopting the interpretation of the administrative rules proposed by Freeman and as affirmed in this decision, constitutes a "proper legal standard." The record, as described above and by the remand court in its written decision, supports the conclusion that common questions exist in this case, and the common answers they generate are apt to drive the resolution of the litigation.

¶28    On the issue of predominance, SL Greenfield argues that because commonality is lacking, common questions cannot predominate over individual questions. This is simply a rehashing of SL Greenfield's argument against commonality, and it can be rejected for the same reasons that we conclude commonality has been satisfied. Nonetheless, we independently conclude that the "'class's claims arise from a common nucleus of operative facts and issues[,]'"

*Hammetter*, 399 Wis. 2d 211, ¶23, namely, the uniform ADP timekeeping system, the application of the "seven-minute rule" to meal periods, the operation of the same statutes and administrative rules, and SL Greenfield's expectation that employees would immediately begin compensable work upon punching in to work.

¶29    In sum, the remand court "examine[d] the relevant facts, applie[d] a proper legal standard and, in a rational process, reache[d] a conclusion that a reasonable judge could reach." *Cruz*, 242 Wis. 2d 432, ¶11. Accordingly, we conclude that the remand court did not erroneously exercise its discretion when it granted Freeman's class certification motion.

## II.    SL Greenfield waived its right to enforce the class waiver agreements against members of the class in this litigation.

¶30    SL Greenfield argues that approximately 1,500 members of the proposed class signed an agreement "not to participate as a member or representative in any multi-plaintiff, class, collective or representative action" against SL Greenfield. We conclude that SL Greenfield waived its right to enforce the class waiver agreements against members of the class in this litigation.

¶31    WISCONSIN STAT. § 802.02(3) explicitly lists "waiver" as an affirmative defense that "a party shall set forth affirmatively" in a responsive pleading.[6] SL Greenfield seeks to assert the class waiver agreements to all class members that signed them, including Freeman. SL Greenfield's argument

---

[6] There are ten defenses enumerated in WIS. STAT. § 802.06(2) that may be brought by motion, but none of those defenses apply to SL Greenfield's attempt to enforce the class waiver agreements. Even if they did, SL Greenfield would still have waived this defense because it failed to assert it in either a responsive pleading or by motion. *Maple Grove Country Club Inc. v. Maple Grove Ests. Sanitary Dist.*, 2019 WI 43, ¶45, 386 Wis. 2d 425, 926 N.W.2d 184.

"rais[es] new facts and arguments that, if true, will defeat the plaintiff's ... claim even if all allegations in the complaint are true." *Maple Grove Country Club Inc. v. Maple Grove Ests. Sanitary Dist.*, 2019 WI 43, ¶34, 386 Wis. 2d 425, 926 N.W.2d 184 (emphasis omitted) (defining "affirmative defense").

¶32    Affirmative defenses are waived if they are not set forth in a responsive pleading. *Id.*, ¶56. SL Greenfield has not filed a responsive pleading, so we reject as waived SL Greenfield's assertion that class waiver agreements may be enforced against individuals that otherwise meet the class definition certified by the circuit and remand courts.

## CONCLUSION

¶33    For the foregoing reasons, we conclude that the remand court did not erroneously exercise its discretion when it granted Freeman's class certification motion, and SL Greenfield waived its right to enforce the class waiver agreements in this litigation.

*By the Court.*—Order affirmed.

Recommended for publication in the official reports.